# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURTON RAY BATHKE,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, et al.,<br><br>    Defendants.      / | CASE NO. 1:12-cv-00553 AWI GSA PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

## II.     **Plaintiff's Claims**

This action proceeds on the July 3, 2012, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Avenal State Prison, brings this civil rights action against 66 individual defendants. In addition to Governor Brown, Senator Feinstein and various state officials, Plaintiff names as defendants correctional officials employed by the CDCR at Avenal State Prison, the California Men's Colony in San Luis Obispo and San Quentin State Prison.

Plaintiff's complaint consists of 137 pages of rambling legal argument that appears to include the following claims: criminal conspiracy; Americans With Disabilities Act (ADA); false statements; disappearing inmate appeals; improper transfers; discrimination; religious diet; religious discrimination; medical care; prison violence; lockdowns; prison gangs; Prison Industry Authority (PIA) audits; prison business practices; California Environmental Quality Act (CEQA) claims.

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. Swierkeiwicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but '[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face." Iqbal, 556 U.S. at 674, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Id.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set

forth the legal and factual basis for his claim.

Plaintiff names defendants from three different prisons, as well as officials in Sacramento. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Plaintiff is advised that any amended complaint that includes defendants from other venues will result in severance of those defendants, and transfer to the appropriate district.

Further, Plaintiff's first amended complaint is in absolute violation of Federal Rule of Civil Procedure 18(a). Pursuant to that rule, 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees. The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees. 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

**III.   Conclusion and Order**

Plaintiff's first amended complaint is voluminous and includes multiple unrelated claims against differing defendants. While it appears that Plaintiff may be able to state at least one cognizable claim, he clearly violates Rule 18(a) by including multiple unrelated claims in this single filing. Plaintiff will be given an opportunity to file a second amended complaint under this case number, wherein he is directed to plead/allege only related claims. All unrelated claims should be brought in separate suits. Plaintiff is advised that if he chooses to file a second amended complaint,

and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

As noted, the court must screen the complaint prior to service upon defendants. 28 U.S.C. § 1915A(b)(1),(2). At the screening stage, the court is only determining whether Plaintiff states a colorable claim for relief. Should Plaintiff state a claim for relief, the court will direct service of process. A schedule for litigation will be set, including the opportunity to engage in discovery. Plaintiff does not need to prove his case at this stage of the litigation. The court is only determining whether Plaintiff states a colorable claim. Legal argument and evidence are not required at this stage of litigation.

Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner. Plaintiff is advised that this court has pending before it many prisoner civil rights cases. In the Eastern District of California, the federal judiciary is inundated with prisoner civil rights cases.[1] In the interest of judicial efficiency and in the interest of timely addressing the many constitutional claims before it, the court therefore directs Plaintiff to file an amended complaint that complies with this order.

Accordingly, IT IS HEREBY ORDERED that:

1. The first amended complaint is dismissed with leave to file a second amended complaint.

2. Within thirty days of the date of service of this order, Plaintiff shall file a second amended complaint that complies with the following conditions:

---

[1] The most recent statistics available indicate that 1,330 prisoner civil rights cases were filed in this district in 2009, a 9.7% increase from the previous reporting period. 2011 Annual Report for the U.S. District Court, Eastern District of California.

a. The amended complaint must be legibly written or typewritten on forms supplied by the court and signed by the plaintiff.

b. The form must be completed in accordance with the instructions provided with the forms.

c. The amended complaint must be a short, simple and concise statement of the claim.

d. Additional pages beyond those allowed in the court's form may not exceed 25 pages without leave of court.

e. The court approved form and any additional pages submitted must be written or typed on only one side of a page and the writing or typewriting must be no smaller in size than standard elite type.

IT IS SO ORDERED.

Dated:   **August 9, 2012**                   /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE